# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. **07 - CV - 01305**

(To be supplied by the court)

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 0 2007

GREGORY C. LANGHAM
CLERK

Stephen Martinez,

_____, Applicant,

v.

Steve Hartley, Warden, L.C.F.,

_____, Respondent,

(Name of warden, superintendent, jailer, or other custodian)

RECEIVED
UNITED STATES DISTRICT COURT
DENVER. COLORADO

JUN - 8 2007

GREGORY C. LANGHAM
CLERK

and

The Attorney General
of the State of:      Colorado

_____, Additional Respondent.

(Note: If you are attacking a judgment that imposed a sentence to be served in the future, you must fill in the name of the state where the judgment was entered. If you have a sentence to be served in the future pursuant to the judgment of a federal court, you should file a motion pursuant to 28 U.S.C. § 2255 in the federal court that entered the judgment.)

---

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2254

---

## A. CONVICTION UNDER ATTACK

1. Name and location of the court that entered the judgment of conviction you are attacking:

   Denver District Court, 1437 Bannock Street, Denver, CO.  80202

2. Date the judgment of conviction was entered:

   January 7, 2000

(Rev. 9/02/04)

3. Case number: 98 CR 5061

4. Describe the type and length of sentence imposed: Life without the possibility of parole.

5. Are you serving a sentence that was imposed for a conviction other than the conviction you are attacking in this application? ___ Yes XX No (CHECK ONE)

6. Nature of the offenses with which you were charged: (all counts) First degree murder of a child by a person in a position of trust. See § 18-6-401(7)(c) C.R.S.

7. On which counts were you convicted? Same as in section 6

8. What was your plea? Not guilty

9. If you pled guilty pursuant to a plea bargain, describe the terms and conditions of the plea: N/A

10. Kind of trial: XX Jury ___ Judge only (CHECK ONE)

11. Did you testify at trial? XX Yes ___ No (CHECK ONE)

## B. DIRECT APPEAL

1. Did you file a direct appeal? XX Yes ___ No (CHECK ONE)

2. Name and location of court in which the direct appeal was filed: Colorado Court of Appeals, 2 East 14th Ave., Suite 300, Denver, CO. 80203

3. Date and result of direct appeal (attach a copy of the decision if available):

Two opinions. First one: Dec. 20, 2001 published at 51 P.3d 1046. Second opinion unpublished and unavailable. Date Nov. 13, 2003.

4. Did you seek review in the state's highest court on direct appeal?

_XX_ Yes ___ No  (CHECK ONE)

5. Date and result of review in state's highest court (attach a copy of the decision if available):

First appeal published at 74 P.3d 316 (Colo. 2003) Second, _see_ attached. Determined April 2004 when certiorari was denied.

6. List the claims raised on direct appeal:

Prejudicial, irrelevant evidence was introduced which confused jury and denied Mr. Martinez a a fair trial; prosecution adopted inconsistent theories which denied Mr. Martinez a fair trial; § 18-6-401(7)(c) C.R.S. as compared to § 18-6-401(7)(a)(I) violates Mr. Martinez's equal protection/application of the law protections.

7. Were all claims raised on direct appeal presented to the state's highest court?

_XX_ Yes ___ No  (CHECK ONE)

8. If you did not file a direct appeal or if you did not present all of your claims to the state's highest court, explain why:

N/A

## C. POSTCONVICTION PROCEEDINGS

1. Other than a direct appeal, have you initiated any postconviction proceedings with respect to the judgment under attack in any state or federal court?

_XXX_ Yes ___ No  (CHECK ONE)

(Rev. 9/02/04)                    3

2. If you answered "Yes" to question 1., give the following information for each postconviction proceeding. If you have initiated more than one postconviction proceeding, use extra paper to list each proceeding using the format below.

A. Name and location of court: Denver District Court, 1437 Bannock St., Denver, CO. 80202

B. Type of proceeding: Crim.P.Rule 35(c)

C. Date filed: December 1, 2004.

D. List the claims raised: A) Ineffective assistance of counsel: failure to challenge voluntariness of statement; failure to tender proffered plea bargain to Mr. Martinez; failure to present expert witnesses; failure to subject case to meaningful adversarial challenge; failure to object to introduction of prejudicial evidence which was speculative at best and had no scientific basis; cumulative errors; B) Violation of Miranda protections; and C) impermissable increase of sentence and reduction of prosecutor's burden of proof on facts not submitted to jury in violation of Sixth and Fourteenth Amendment protections.

E. Date and result (attach a copy of the decision if available): Unavailable. May 12, 2005.

F. Did you appeal? XX Yes ___ No (CHECK ONE)

G. Date and result on appeal (attach a copy of the decision if available): Unavailable, denied in early 2007.

H. Did you appeal to the state's highest court? XXX Yes ___ No (CHECK ONE)

I. Date and result of appeal to highest state court (attach a copy of the decision if available): Certiorari denied. May 16, 2007. See Attached Order.

(Rev. 9/02/04)                    4

# D. CLAIMS

CAUTION: To proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts for each claim asserted in this action. If you fail to assert all your claims in this application, you may be barred from presenting additional claims at a later date. State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important. You do not need to cite specific cases to support your claim(s). If you need additional space to describe any claim or to assert additional claims, use extra paper to continue the claim or to assert the additional claims. Identify clearly any additional pages that you attach to this form.

1.  Have you fairly presented to the state's highest
    court each of the claims asserted in this action?    XX Yes ___ No  (CHECK ONE)

2.  If you answered "No" to question 1., list the
    claims that have not been fairly presented to
    the state's highest court and explain why:    N/A _____

    _____

    _____

3.  Claim One:    Fourteenth Amendment violation through introduction of prejudicial irrelevant evidence which confused jury.

    A.  Supporting facts:
    In order to elevate the offense charged from a class 2 to a class 1 felony (24 years maximum presumptive sentence versus life without), the prosecution was allowed to introduce prejudicial opinion evidence which he alluded to in his closing arguments concerning the force necessary to produce subdural hematomas found in the child victim. Mr. Martinez submits that the decision of the Colorado Court of Appeals in People v. Martinez, 51 P.3d 1046 (Colo.App. 2001), is the correct decision. See id, (reversing conviction and remanding for new trial); cf., People v. Martinez, 74 P.3d 316 (Colo. 2003), reversing Court of Appeals decision and remanding for consideration on unreached claims raised on direct appeal.

    B.  If this claim was not raised on direct appeal or in one of the state postconviction proceedings already described above, explain how you have exhausted state court remedies for this claim:

    N/A

4. Claim Two:

Denial of Fourteenth Amendment protections, use of inconsistent theories to convict Mr. Martinez, (denial of fair trial).

A. Supporting Facts:

At trial, the arresting detective and investigating officers testified in support of the prosecution's theory of the case that the death was the result of an accident caused by the fact that Mr. Martinez accidentally hit the childs head on the side of the crib when shaking the child. However, the prosecution argued that this was sufficient to prove that Mr. Martinez acted knowingly, i.e., that he knew shaking the baby was liable to cause the baby's death. Accordingly the jury could have inferred that the accidental death testified to by the detective and investigating officers was sufficient to prove the knowing element of the first degree murder charge. The theories testified were inconsistent with each other and thus confused the jury violating Mr. Martinez right to a fair trial and so infecticting said that the verdict in unreliable.

B. If this claim was not raised on direct appeal or in one of the state postconviction proceedings already described above, explain how you have exhausted state court remedies for this claim:

N/A

5. Claim Three:

Mr. Martinez's equal protection rights were violated when he was sentenced under the provisions of C.R.S. § 18-6-401(7)(c).

A. Supporting facts:

Mr. Martinez respectfully submits that § 18-6-401(7)(c) C.R.S., when compared to § 18-6-401(7)(a)(I) C.R.S. imposes a sentence more harsh than that allowed under § 18-6-401(7)(a)(I), (i.e., life without parole versus 24 years maximum), when identical conduct has been committed based solely on the victim's age and/or that the defendant was a person who was in a position of trust which is not adequately defined by statute. Mr. Martinez was convicted under subsection (7)(c), even though the mens rea "knowingly" is the same as that stated in subsection (7)(a)(I), and was sentenced to life without instead of 24 years max. Mr. Martinez contends his Fourteenth Amendment protections were violated.

B. If this claim was not raised on direct appeal or in one of the state postconviction proceedings already described above, explain how you have exhausted state court remedies for this claim:

N/A

Claims (continued):


Claim Four:   Ineffective assistance of counsel in violation of Mr. Martinez's
              Sixth Amendment protections.


Supporting Facts:

Retained counsel failed to present a proffered plea offer to Mr. Martinez
which he would have accepted; failure to properly object to investigatory
technique used to elicit a pre Mirandized statement from Mr. Martinez which was
then relied upon to obtain a post Mirandized statement; trial counsel failed
to subject the prosecution's case to a meaningful adversarial testing when he
did not put on any expert witnesses to counter the State's version of events
and experts even though they were available (Mr. Martinez submits that this
failure was based solely on financial considerations of counsel, i.e., he wanted
to retain the most money he could), and counsel failed to object to the prosecution's
use of opinion testimony which was speculative at best and had no scientific basis
(the prosecution submitted evidence through the use of the doctor who conducted
the autopsy and investigating detectives which used a doll to show the force needed
to cause the injuries sustained by the child when in fact there was no scientific
proof for its submission); counsel failed to subject the prosecution's case in
chief to a meaningful adversarial testing when he did not cross-examine many of
the prosecution's witnesses and there was no legitimate strategic purpose for
having done so. Moreover, Mr. Martinez submits that even if individually these
errors do not arise to the level of ineffective assistance of counsel in violation
of his Sixth Amendment protections (and right to a fair trial), that cumulatively
they do.


Claim Five:   Fifth Amendment protections violated when Mr. Martinez was interrogated
              without proper Miranda advisement and information gleaned from the
              pre Mirandized statement was used to obtain a confession following
              a proper Miranda advisement.


Supporting Facts:

Mr. Martinez was placed into custody and interrogated by the police without
first receiving a Miranda advisement. Later at the police station following
a proper Miranda advisement the police obtained a confession from Mr. Martinez
through use of the pre Miranda statements. All statements, especially the cofession
which was video taped was introduced at trial incriminating Mr. Martinez.

Claim Six:    Violation of right to trial by jury on elements necessary to
              constitute first degree murder.

Supporting Facts: § 18-1-406(7)(c), does away with the specific mens rea necessary
to constitute first degree murder under § 18-3-102 C.R.S., by reducing said,
impermissably to a finding that Mr. Martinez acted knowingly rather than with
intent and after deliberation required for  first degree murder. Accordingly,
Mr. Martinez was sentenced to life without parole rather than 24 years as a maximum
sentence.

# E. PRIOR APPLICATIONS

1.  Other than the instant action, have you filed any
    action in federal court challenging the conviction
    under attack in this action?                    __ Yes <u>XX</u> No  (CHECK ONE)

2.  If you answered "Yes" to question 1., give the following information for each prior
    federal court action challenging the conviction under attack in this action.

    A.  Name and location of court:   N/A _____

    B.  Case number:   N/A _____

    C.  Type of proceeding:   N/A _____

    D.  List the claims raised:   N/A _____

    E.  Date and result (attach a
        copy of the decision if
        available):   N/A _____

3.  If the instant application is a second or successive
    application, have you obtained authorization from
    the United States Court of Appeals for the Tenth
    Circuit for this court to consider the application?   __ Yes <u>XX</u> No  (CHECK ONE)

# F. OTHER CONVICTIONS

1.  Do you have any concurrent or future sentence(s)
    to be served after you complete the sentence
    imposed as a result of the conviction under
    attack?                                         __ Yes <u>XX</u> No  (CHECK ONE)

2. If you answered "Yes" to question 1., give the following information for each sentence:

    A. Name and location of the court:   N/A

    B. Case number:   N/A

    C. Type and length of sentence:   N/A

## G. LEGAL REPRESENTATION

1. List the names and address, if known, of each attorney who has represented you in proceedings regarding the conviction under attack:

    A. Preliminary hearing:   Don Lozow, Denver, CO.

    B. Arraignment and plea:   Don Lozow, Denver, CO.

    C. Trial   Don Lozow, Denver, CO.

    D. Sentencing:   Don Lozow, Denver, CO.

    E. Appeal:   Ann M. Aber, Colo. P.D., 110 – 16th St., Ste. 800, Denver, CO. 80202.

    F. Postconviction proceedings:   Pro-Se

    G. Appeal from any adverse ruling in postconviction proceedings:   Pro-Se

(Rev. 9/02/04)         8

## H. REQUEST FOR RELIEF

I request the following relief:

Vacation of conviction in toto and remand for new trial or dismissal with prejudice. In the alternate, reduction of conviction from a class 1 felony to a class 2 felony and remand for resentencing. Mr. Martinez also respectfully requests any and all available relief whether stated or not.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the applicant in this action, that I have read this application, and that the information in this application is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on    June 5, 2007
_____
(Date)

_____
(Applicant's Original Signature)
Stephen Martinez, #103791

Applicant's prisoner identification number and complete mailing address:

Stephen Martinez, #103791, Limon Correctional Facility, 49030 State Highway 71,

Limon, CO. 80826

Respondents' names and complete mailing addresses:

Steve Hartley, Warden, L.C.F., 49030 St. Hwy. 71, Limon, CO. 80826

John Suthers, Colo. Att. General, 1525 Sherman St., 7th Fl., Denver, CO. 80203

CLIENT'S COPY

| | |
|---|---|
| SUPREME COURT, STATE OF COLORADO<br>TWO EAST 14TH AVENUE<br>DENVER, COLORADO 80203<br><br>CERTIORARI TO COURT OF APPEALS, 00CA0312<br>DISTRICT COURT, CITY & COUNTY OFDENVER, 98CR5061 | CASE NO. 03SC871 |

**Petitioner:**

STEPHEN MARTINEZ,

v.

**Respondent:**

THE PEOPLE OF THE STATE OF COLORADO.

REC'D APR 19 2004

### ORDER OF COURT

Upon consideration of the Petition for Writ of Certiorari to the Colorado Court of Appeals and after review of the record, briefs, and the judgment of said Court of Appeals,

IT IS THIS DAY ORDERED that said Petition for Writ of Certiorari shall be, and the same hereby is, DENIED.

BY THE COURT, EN BANC, APRIL 19, 2004.
Justice Coats does not participate.



Copies mailed via the State's Mail Services Division on 04/19/04. MLK

Alan Kratz
Deputy State Public Defender

Katharine J. Gillespie, AAG
Appellate Division
Criminal Justice Section

Clerk of the District Court
City & County Building
1437 Bannock, Rm 256
Denver, CO 80202

Clerk of the Court
Colorado Court of Appeals

Honorable Shelley I. Gilman
City & County Building
1437 Bannock, Rm 256
Denver, CO 80202

| | |
|---|---|
| SUPREME COURT, STATE OF COLORADO<br>TWO EAST 14TH AVENUE<br>DENVER, COLORADO 80203<br><br>CERTIORARI TO THE COURT OF APPEALS, 06CA1215<br>DISTRICT COURT, CITY & COUNTY OF DENVER, 98CR5061 | CASE NO. 07SC338 |

**Petitioner:**

STEPHEN MARTINEZ,

v.

**Respondent:**

THE PEOPLE OF THE STATE OF COLORADO.

## ORDER OF COURT

Upon consideration of the Petition for Writ of Certiorari/Rule to Show Cause filed in the above cause, and now being sufficiently advised in the premises,

IT IS ORDERED that said Petition for Writ of Certiorari/Rule to Show Cause shall be, and the same hereby is, DENIED.

BY THE COURT, EN BANC, MAY 16, 2007.

Copies mailed via the State's Mail Services Division on 5-16-07 . VMC

Stephen Martinez
Reg. #103791
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Attorney General's Office
Appellate Division
Criminal Justice Section

Colorado Department of Corrections

Name STEPHEN MARTINEZ

Register Number 103791

Unit L.C.F. 1-A-2-1

Box Number 49030 State Hwy. 71

City, State, Zip Limon, CO. 80826

LEGAL MAIL

L

De.